HERTZBERG, J.,
Paul Preisinger, a maintenance worker at Extended Stay America, met Constance Loughner late in 2010 during a nine month period when Ms. Loughner resided there. Mr. Preisinger “developed a loving, caring relationship” with Ms. Loughner. Transcript of December 1, 2014 Non-Jury Trial (“T.” hereinafter), p. 4. Around April 30, 2012, Ms. Loughner informed Mr. Preisinger that her daughter, Heather Fox, was having financial difficulties. Mr. Preisinger offered to lend Ms. Fox $10,000, and he promptly provided Ms. Loughner a $ 10,000 check payable to Ms. Fox.
Ms. Loughner then promptly ended her romantic relationship with Mr. Preisinger, and Ms. Fox did not make any of the scheduled loan payments. In June of 2013 Mr. Preisinger sued Ms. Fox and Ms. Loughner for breach of contract. The dispute was first heard by a compulsory arbitration panel, and when the award was thereafter appealed, I was assigned to conduct the non-jury trial. Ms. Loughner died before the trial and Mr. Preisinger then dismissed her as a defendant and proceeded against only Ms. Fox. My verdict was in favor of Mr. Preisinger in the amount of $10,000. Ms. Fox has appealed this verdict to the Superior Court of Pennsylvania. This opinion addresses the two issues Ms. Fox indicates will be raised *194 in the appeal. See Pa. R.C.P. No. 1925(a).
Ms. Fox argues there was not an enforceable contract because no evidence was produced that she accepted the repayment terms at or before the time she received the $10,000. See defendant Heather Fox’s concise statement of errors complained of on appeal. A contract is not formed unless the parties to it mutually assent to the same thing or have a meeting of the minds by way of an offer and an acceptance. See Accu-Weather, Inc. v. Thomas Broadcasting Company, 425 Pa. Super 335 at 340, 625 A.2d 75 at 78 (1993). Hence, Ms. Fox’s argument is that, because she did not accept the repayment terms at or before the time she received Mr. Preisinger’s $10,000 check, a mutual assent was not reached. However, there was sufficient credible evidence that she did accept the repayment terms before she received the $10,000.
Before Ms. Loughner received the $10,000 check, she knew Mr. Preisinger’s loan offer required her daughter, Heather Fox, to repay Mr. Preisinger $5,000 by the end of 2012 and $ 1,000 per month thereafter until the $ 10,000 was repaid. See T., pp. 5-8. Ms. Loughner “conveyed” this payment schedule to Ms. Fox by the time Mr. Preisinger delivered the check to Ms. Loughner. T., p. 8, 1.5. Ms. Loughner then mailed the check to Ms. Fox. Mr. Preisinger responded to his attorney’s questions about Ms. Fox agreeing to the loan as follows:
Q. At any point in time did you have a conversation with Heather Fox about this loan?
A. It was days after I forwarded a check because I *195 contacted — You know, I was always in contact with the mother as much as I could. But, I mean, I went over to her place I guess three, four days afterwards. She said that Heather would be calling. Actually, she handed me the phone and Heather thanked me for the money. Basically explained the same thing that the mother conveyed to me and that everything would be — that it would be returned to me.
Q. Okay. Did she confirm the same terms that you would receive?
A. Yes, sir.
Q. About five thousand dollars by December and then a thousand dollars thereafter?
A. Yes. Yes.
T., pp. 9-10. Ms. Fox admitted that her Mother, Ms. Loughner, communicated to her in advance that the $10,000 would be coming. T, p. 29. While Ms. Fox denied being told the $10,000 was a loan, her denial was not credible. Mr. Preisinger’s testimony that Ms. Loughner had conveyed the repayment terms to Ms. Fox before Ms. Fox received the check, Ms. Fox admitting Ms. Loughner told her in advance to expect the money and Ms. Fox reciting the repayment terms to Mr. Preisinger shortly after receiving it is credible evidence that Ms. Fox accepted the repayment terms at or before the time she received the $10,000. I found this to be credible proof by a preponderance of the evidence that Ms. Fox and Mr. Preisinger, via Ms. Loughner, assented to the terms *196 for repaying the $10,000 loan. Viewed another way, Ms. Fox’s negotiation of the check was acceptance by conduct (see Accu-Weather, Inc., supra.) of Mr. Preisinger’s loan offer. Therefore, there is no merit to Ms. Fox’s argument that there was not an enforceable contract.
Ms. Fox also argues there was no consideration for the contract because the $10,000 was a gift. However, testimony by Mr. Preisinger that the $10,000 was not a gift, including the following, was very credible:
Q. At any conversation to this point, did you ever offer this money as a gift?
A. Never.
Q. Did you ever indicate to Ms. Loughner or Ms. Fox that neither would have to repay this money?
A. It was never said. Never said a gift. Never. I gave this woman gifts. I took her — I gave her nice gifts. And even took her away to Aruba on her birthday. No. They were gifts. This was not a gift.
T., p. 10. On the other hand, Ms. Fox’s testimony that the $10,000 was a gift was not credible. In addition, Ms. Fox had only met Mr. Preisinger briefly once or twice before and Mr. Preisinger’s modest income meant $10,000 was a substantial amount of money to him. Hence, even without my credibility determinations, a gift of $10,000 by Mr. Preisinger to an individual he hardly knew seemed veiy unlikely. Therefore, the $10,000 provided to Ms. Fox was the consideration for the contract and not a gift.